IN THE UNITED STATES DISTRICT COURT FOR

THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN DEWALT<br><br>     Plaintiff<br><br>v.<br><br>THE CITY OF ERIE, ANDREW<br>ZIMMERMAN, and PENNSYLVANIA<br>ELECTRIC COMPANY<br><br>     Defendants. | CASE NO.:  1:24cv2 |

## INTRODUCTION

The Plaintiff, John DeWalt (Hereinafter "Plaintiff" or "Mr. DeWalt"), through the undersigned counsel, files this complaint, and sues defendants The City of Erie (Hereinafter "Erie"); Andrew Zimmerman (Hereinafter "Zimmerman"); and Pennsylvania Electric Company (Hereinafter "Penelec"), or collectively "Defendants" pursuant to 42 U.S.C. 1983 and state law based upon the Defendants; denial of procedural and substantive due process, violation of equal protection and promissory estoppel.

## JURISDICTION AND PARTIES

1.   PLAINTIFF John DeWalt is an adult natural person and is a resident of the State of Pennsylvania.

2. Upon information and belief The City of Erie is a third-class city organized pursuant to Pennsylvania law.

A. Upon information and belief Andrew Zimmerman is an adult natural person employed by Erie and all times relevant hereto was engaged in enforcing various city ordinances.

B. Upon information and belief Pennsylvania Electric Company is a domestic business corporation with its principal place of business located at 5404 Evans Rd. Erie PA 16509.

3. This Court has Jurisdiction over the subject matter of this complaint pursuant to 28 U.S.C. 1331 and 28 U.S.C. 1367.

## GENERAL ALLEGATIONS

4. Mr. DeWalt owns a two-unit residential structure in the City of Erie.

5. The property is serviced by two gas meters, two water meters, separate furnaces, separate duct work for those furnaces, separate kitchens, separate living quarters and separate entrances.

6. The property was also equipped with a two-space meter socket.

7. This is because the wiring of the house is segregated by floor. With each floor having its own service panel and electrical feed.

8. However, the second meter had been removed because the property has been only occupied on a single floor.

9. In early 2023 upon inspecting the electrical service Mr. DeWalt determined the property was in need of a service upgrade as the service panels were fused instead of containing breakers and the entrance cable was dry rotted and fraying.

10. Mr. DeWalt applied for an electrical permit and outlined his project including that he would be reinstalling a second meter.

11. The application was accepted and the permit was issued and Mr. DeWalt began the upgrade.

12. Thereafter, with the work nearly completed the City improperly issued a stop work order. Specifically, the notice was not properly served and the notice did not state the reasons for the stop work order.

13. Upon discovering the stop work order the Plaintiff through counsel reached out to the City through city Employee Andrew Zimmerman which included asking for an administrative hearing on the stop work order.

14. However, Erie ignored the communication including the request for an administrative hearing.

15. Thereafter, Erie refused to conduct a final inspection of the work as required by the permitting process.

16. Because the work was connected in a temporary fashion with jumper wires feeding the second electrical panel Mr. DeWalt reached out to Penelec to determine what could be done to get the work approved and the meter installed.

17. Penelec specifically told Mr. DeWalt the work could be inspected by any properly licensed inspector.

18. Thereafter, Mr. DeWalt had the work inspected by a properly licensed inspector and the inspector certified that the work was completed to code.

19. The inspector then submitted the proper paperwork to Penelec certifying the work was completed pursuant to code and requesting the installation of the second meter to energize the second electrical panel.

20. Penelec accepted the paperwork and appeared at Mr. DeWalt's property to install the second meter.

21. However, Andrew Zimmerman without giving Mr. DeWalt notice and opportunity to be heard before an impartial tribunal appeared at the property and told the Penelec employee not to install the second meter.

22. This action by Zimmerman was a continuation of his arbitrary and capricious actions in this matter motivated by his fellow city employee Jake Welsh.

23. Specifically, Jake Welsh has family members living near the Plaintiff's property.

24. In the past these family members have held animosity towards the Plaintiff and have used their connections with the city employees to further their vendetta against Mr. DeWalt.

25. With Jake Welsh quick to place notices of alleged violations on the Plaintiff's property in the past. Even though no such violations occurred.

26. Upon information and belief it was these family members who contacted Zimmerman upon seeing the Penelec truck at Mr. DeWalt's property.

27. Further, because of these individuals' relationship with Jake Welsh, Zimmerman improperly intervened with the installation of the second meter.

28. Zimmerman had no authority to stop the installation of the meter. Heck v. Zoning Hearing Bd. for Harvey's Lake Borough, 397 A.2d 15 (Pa. Commw. Ct. 1979).

29. Thus Zimmerman's actions violated the Plaintiff's constitutional rights under color of law.

30. Moreover, Penelec in refusing to install the meter was not acting pursuant to its own regulations but instead chose to follow Zimmerman's directive and thus became an agent for the City of Erie.

31. Thereafter, to appease the City and Zimmerman, even though the property had never been decommissioned as a two-family unit, Mr. DeWalt applied for a zoning variance.

32. However, Zimmerman appeared at the hearing to contest the variance and argued vociferously in opposition to its granting.

33. Even though the property has for at least 70 years operated as a two unit.

34. Even though it already has two gas meters and two water meters.

35. Even though there are numerous two-family units very near Mr. DeWalt's property in this so-called single-family residential area.

36. Thereafter, the appeal was denied arbitrarily and capriciously.

37. Specifically, the zoning board ignored its prior precedent in Appeal No.: 12,278 by Michael Agresti concerning a property at 213 East 28th St. Erie PA.

38. The facts of the two matters are indistinguishable yet the zoning board refused to follow its precedent.

39. The zoning board did not address the prior precedent raised by the appellant in its opinion and made no attempt to distinguish this precedent.

40. Finally, Mr. DeWalt was the only denial by the board during the hearing. The board issued a variance in Appeal 12290 even though the testimony established that the building had no unique characteristics:

> MR. HERBERT: Let me answer that. Well, it's for sale for whoever would want to buy it. **And based on the condition and the layout, the size, it could be anything.** It could have been retail. But again, we're here because we need the variance for the buyer's use. But it was listed on the MLS under commercial. And a contractor could have bought it. Page 19 of the hearing transcript.(emphasis added)

41. Accordingly, Mr. DeWalt was arbitrarily and capriciously treated differently from similarly situated

individuals and there was no rational basis for the discrimination.

42. The disparate treatment was fueled by Jake Welsh's relatives' animosity against Mr. DeWalt.

**COUNT I:**

**42 USC 1983 VIOLATION OF SUBSTANTIVE DUE PROCESS**

43. Comes now the Plaintiff John DeWalt and sues Defendants City of Erie, Andrew Zimmerman and Penelec for violation of substantive due process.

44. Plaintiff incorporates paragraphs 1-42 as though herein fully restated and realleged.

45. The Defendants were acting under color of law at all times relevant.

46. Plaintiff has a constitutionally recognized property interest in the private property he owns in the City of Erie.

47. Plaintiff has a constitutionally recognized liberty interest in remaining free from arbitrary and capricious government action and discrimination.

48. The Defendants have violated this property right and liberty interest by using their position to further a vendetta Jake Welsh's family members have against Mr. DeWalt.

49. The Defendants have violated this property right and liberty interest by refusing to honor the permit issued for electrical work and treating him differently from similarly situated individuals without a rational basis to do so.

50. The Defendants have violated this property right and liberty interest by refusing to install the second electrical meter even though the work has been done to code and there is no authority to refuse the installation.

51. The Defendants intentionally sought to violate the Plaintiffs constitutional rights because of impermissible nepotism.

52. The actions of the Defendants in refusing to honor the electrical permit issued and refusing to install the electrical meter and treating him differently from others similarly situated because of impermissible nepotism was a direct and proximate cause of the violation of Mr. DeWalt's substantive due process rights.

53. There is no government interest in allowing the Defendants to pervert the law for the benefit of family members who are harboring ill-will against Mr. DeWalt.

54. The Defendants were provided notice of the constitutional violations and demand for installation of the electrical meter. The Defendants showed deliberate indifference in refusing to install the electrical meter. Choosing to intentionally leverage the constitutional violation to continue to illegally punish Mr. DeWalt even though he has properly complied with all aspects of the law.

55. Plaintiff has incurred economic damages caused by the Defendants' action, including but not limited to economic damages, loss of liberty, embarrassment, inconvenience and mental aggravation.

WHEREFORE, the Plaintiff prays for:

A. Monetary damages, including but not limited to any compensatory, punitive, incidental and consequential damages commensurate with proof at trial for the acts complained of herein;

B. For an award of attorney fees pursuant to 42 USC 1988;

C. For an award of costs;

D. For pre- and post-judgment interest on any amounts awarded;

E. All other relief the Court deems just and appropriate.

**COUNT II:**

**42 USC 1983 VIOLATION OF PROCEDURAL DUE PROCESS**

56. Comes now the Plaintiff John DeWalt and sues Defendants City of Erie, Andrew Zimmerman and Penelec for violation of procedural due process.

57. Plaintiff incorporates paragraphs 1-42 as though herein fully restated and realleged.

58. The Defendants were acting under color of law at all times relevant.

59. Plaintiff has a constitutionally recognized right to procedural due process.

60. The right includes being placed on notice of the actions being taken and the right to be heard before an impartial tribunal.

61. The Defendants have violated this right by refusing to honor the electrical permit issued and by failing to provide notice of the reasons therefore and opportunity to be heard before an impartial tribunal.

A. Specifically, the Defendants reached this decision during an interaction with Zimmerman and a Penelec employee to which the Plaintiff was not given notice and opportunity to be heard.

62. The Defendants intentionally sought to violate the Plaintiffs constitutional rights because of impermissible nepotism.

63. There is no government interest in allowing the Defendants to pervert the law by refusing to provide procedural due process to Mr. DeWalt.

8

64. The Defendants were provided notice of the constitutional violations and demand for notice of the alleged violations of the terms of permit and a hearing before an impartial tribunal but such requests were ignored by the Defendants.

A. Moreover, the Plaintiff was not given notice of the meeting between Zimmerman and the Penelec employee and opportunity to be heard.

65. Plaintiff has incurred economic damages caused by the Defendants' action, including but not limited to economic damages, loss of liberty, embarrassment, inconvenience and mental aggravation.

WHEREFORE, the Plaintiff prays for:

A. Monetary damages, including but not limited to any compensatory, punitive, incidental and consequential damages commensurate with proof at trial for the acts complained of herein;

B. For an award of attorney fees pursuant to 42 USC 1988;

C. For an award of costs;

D. For pre- and post-judgment interest on any amounts awarded;

E. All other relief the Court deems just and appropriate.


**COUNT III:**

**42 USC 1983 VIOLATION OF EQUAL PROTECTION**

66. Comes now the Plaintiff John DeWalt and sues Defendants City of Erie, Andrew Zimmerman and Penelec for violation of the equal protection clause.

67. Plaintiff incorporates paragraphs 1-42 as though herein fully restated and realleged.

68. The Defendants were acting under color of law at all times relevant.

69. The Defendants have treated the Plaintiff differently to similarly situated individuals.

70. Specifically, the Defendants have refused to honor the electrical permit and conduct the final inspection and install the meter. Upon information and belief this disparate treatment is based upon Jake Welsh's family members' animosity towards the Plaintiff.

     A. The Defendants have refused to follow prior precedent and issue a zoning variance. Upon information and belief this disparate treatment is based upon Jake Welsh's family members' animosity towards the Plaintiff.

     B. The Defendants have refused to place the Defendant on notice of exact violations that prompted the stop work order and refused to provide a hearing as demanded.

     C. The Defendants are arbitrarily and capriciously enforcing ordinances and zoning laws as applied to Mr. DeWalt.

71. Such action by the Defendants was intentional and without rational basis. This is evidenced by the City of Erie providing a zoning variance to property with no unique characteristics simply to facilitate a sale. Yet refusing to provide a variance to Mr. DeWalt even though his property contains unique characteristics that would create an undue burden to alter. Despite having established precedent that properties such as Mr. DeWalt's should be granted a variance.

     WHEREFORE, the Plaintiff prays for:

A. Monetary damages, including but not limited to any compensatory, punitive, incidental and consequential damages commensurate with proof at trial for the acts complained of herein;

B. For an award of attorney fees pursuant to 42 USC 1988;

C. For an award of costs;

D. For pre- and post-judgment interest on any amounts awarded;

E. All other relief the Court deems just and appropriate.

## COUNT IV:

**PROMISSORY ESTOPPEL**

72. Comes now the Plaintiff John DeWalt and sues The City of Erie for promissory estoppel.

73. Plaintiff incorporates paragraphs 1-42 as though herein fully restated and realleged.

74. The Plaintiff properly applied for an electrical permit and detailed the work to be completed.

75. The City of Erie accepted the permit application and issued the permit.

76. Thereafter, the Plaintiff relying upon this permit undertook substantial electrical work.

77. Thereafter, with the work completed, the Defendant refused to conduct a final inspection.

78. As a result of this refusal service panels remain open in an exposed condition creating a hazard.

79. Moreover, the Plaintiff has suffered economic losses.

WHEREFORE, the Plaintiff prays for:

A. Monetary damages, including but not limited to any compensatory, incidental and consequential damages commensurate with proof at trial for the acts complained of herein.

B. Injunctive relief requiring the City of Erie to conduct the final inspection.

## COUNT V:

**PROMISSORY ESTOPPEL**

80. Comes now the Plaintiff John DeWalt and sues Penelec for promissory estoppel.

81. Plaintiff incorporates paragraphs 1-42 as though herein fully restated and realleged.

82. The Plaintiff contacted Penelec concerning its requirements for inspection.

83. Penelec stated that the inspection could be conducted by any properly licensed inspector.

84. Thereafter, the Plaintiff relying upon this statement retained a properly licensed inspector.

85. Thereafter, the inspector approved the work and submitted paperwork to Penelec.

86. Penelec accepted the paperwork and scheduled a time to install the meter and energize the second service panel.

87. However, even though Penelec recognizes the work is to code it has refused to install the second meter based upon the bald demand of Zimmerman.

88. As a result of this refusal service panels remain open in an exposed condition creating a hazard.

89. Moreover, the Plaintiff has suffered economic losses.

WHEREFORE, the Plaintiff prays for:

A. Monetary damages, including but not limited to any compensatory, incidental and consequential damages commensurate with proof at trial for the acts complained of herein.

B. Injunctive relief requiring Penelec to install the second meter.

## JURY DEMAND

PLAINTIFF hereby demands trial by jury on all counts so triable.


/s/ Kurt D. Mitchell

KURT D. MITCHELL J.D.
PA. I.D. No.: 205917
475 Central Ave Ste 400-H
St. Petersburg FL 33701
941.465.9253
kmitchell@hoglaw.com
Attorney for Plaintiff